UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MICHAEL CLARK, et al.,<br><br>PLAINTIFFS,<br><br>v.<br><br>BELLSOUTH TELECOMMUNICATIONS, INC.,<br><br>DEFENDANT. | CIVIL ACTION NO. 3:04 CV-735-H |

## BELLSOUTH'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND APPOINTMENT OF CLASS COUNSEL

Plaintiffs have moved for class certification despite the pendency of two motions to dismiss, despite a pending motion to temporarily stay the case pending resolution of a tax refund appeal that will substantially moot plaintiffs' claims, and despite having presented no evidence to support their assertion that certification is appropriate.

Aware that their motion is premature and unsubstantiated, plaintiffs use a familiar approach. Just as they did in response to BellSouth's initial motion to dismiss or stay, plaintiffs' attempt to prop up a legally flawed theory through misinformation: Plaintiffs claim (with no factual support) that BellSouth "ignored" its customers' requests that it refund Kentucky sales tax collected from FastAccess customers; claim that BellSouth was "fully aware" that its collection of such tax was unlawful; and claim that FastAccess customers have been "subject to consistent misrepresentation by BellSouth." (Pl. Mem. at 1, 7, 10.) Plaintiffs make these claims despite knowing that, beginning more than two years *before* plaintiffs filed their complaint in this case, BellSouth attempted unsuccessfully to persuade the Kentucky Department of Revenue that FastAccess should not be taxed. (*See* BellSouth Memorandum of Law in Support of Motion

to Dismiss or Stay at 3-4.) BellSouth cannot be liable for fraudulently collecting a tax when it sought permission to *stop* collecting the tax but received explicit instructions from the Commonwealth to continue doing so. Nor can BellSouth be said to have ignored a clear legal mandate concerning the tax-exempt status of DSL service when both state and federal law surrounding this fast-growing technology has changed rapidly and substantially since BellSouth first introduced FastAccess in 1999. (*See* BellSouth Reply Memorandum in Support of Motion to Dismiss or Stay at 3.)

By letter and in previously filed memoranda, BellSouth has advised plaintiffs and the Court that the Department of Revenue has reversed its decision concerning taxation of FastAccess and that the Department has agreed to issue a sales tax refund, with interest, that will inure exclusively to the benefit of BellSouth's customers who paid Kentucky sales tax on Internet access. Accordingly, BellSouth moved for a temporary stay so that it could present the Court with complete and accurate information about the impending tax refund.

Plaintiffs' motion should be denied pending resolution of the dispositive issues before the Court.

I. **Plaintiffs' motion is premature.**

As the Court noted in its February 7, 2006 Order, both BellSouth's original motion to dismiss or stay [Docket Entry Nos. 9 & 29] and its cross-motion to dismiss [Docket Entry No. 34] are pending. Further, as discussed in BellSouth's August 21, 2006 motion to stay, the claims set forth in Count I of plaintiffs' complaint will be rendered moot by the refund of the Kentucky sales tax collected from BellSouth's Internet access customers.[1] The Court should defer

---

[1] Plaintiffs may argue incorrectly, as they have in at least one other filing in this case, that the refund to be issued by the Department of Revenue will not cover periods beyond December 31, 2004, and that the refund will not include sales taxes collected on Internet access services other than FastAccess. (*See* Plaintiffs' Opposition To Bellsouth's Motion To Dismiss As Moot Plaintiffs' Motion For Reconsideration; To Temporarily Stay Proceedings; And To Set Supplemental Briefing Schedule, at 5-6.) These assertions are entirely inaccurate. Although the details of the refund procedure and Order of the Board of Tax Appeals have not yet been finalized, the Department of Revenue has agreed upon the amount of tax subject to refund, which consists of all Kentucky sales tax with respect to any and

-2-

consideration of plaintiffs' class certification motion until after BellSouth's motions to dismiss are resolved and the mootness issue is fully briefed.

   A.   *Any class certification decision should await a ruling on BellSouth's motions to dismiss.*

This Court should defer consideration of plaintiffs' class certification motion until after deciding BellSouth's dispositive motions which focus upon the issue of whether plaintiffs have stated a viable claim that BellSouth wrongfully collected Kentucky sales tax from its FastAccess customers. Only if plaintiffs' claims survive BellSouth's motions should the Court consider whether class treatment is appropriate.

It is well established that where a defendant has presented the Court with a threshold dispositive motion, the court should resolve the motion before considering the question of class certification. *Meridia Prods. Liab. Litig v. Abbot Labs.*, 447 F.3d 861, 864 (6th Cir. 2006) ("'We have consistently held that a district court is not required to rule on a motion for class certification before ruling on the merits of the case.'") *quoting Jibson v. Mich. Educ. Ass'n-NEA*, 30 F.3d 723, 724 (6th Cir. 1994). In *Meridia Products*, a Multi-District Litigation case involving an allegedly dangerous diet drug, plaintiffs filed a class action complaint together with a motion for class certification. *Meridia Prods. Liab. Litig,* 447 F.3d at 864. In response, defendant Abbott Labs moved for summary judgment and filed a memorandum in opposition to plaintiffs' motion for class certification. The District Court granted Abbott Labs' motion for summary judgment and did not reach the certification motion. The Sixth Circuit Court of Appeals upheld the District Court's decision to grant summary judgment before ruling on plaintiffs' motion for class certification. *Id. See also Curtin v. United Airlines*, 275 F.3d 88 (D.C. Cir. 2001)

---

all Internet access services provided by BellSouth and on which such tax was billed to customers from December, 1998, through the present. As of November, 1, 2005, BellSouth stopped billing Kentucky tax on any type of Internet access service, based on the expiration of the grandfathering provision contained in Section 1104(b) of the Internet Tax Freedom Act, 47 U.S.C. 151 Note, as amended by the Internet Tax Nondiscrimination Act, Pub. L. 108-435, 118 Stat. 2615, (Dec. 3, 2004), a position with which the Kentucky Department of Revenue has agreed in writing.

(resolving merits before considering issue of class certification); *Chavez v. Illinois State Police*, 251 F.3d 621 (7th Cir. 2001) (same); *Schweizer v. Trans Union Corp.*, 136 F.3d 233 (2d Cir. 1998) (same).

The terms of a 2003 amendment to Fed. R. Civ. P. 23 further support deferring consideration of plaintiffs' certification motion. A 1966 amendment to Rule 23 added subsection (c)(1), which provided that "*as soon as practicable* after the commencement of an action, the court shall determine by order whether it is to be so maintained." Fed. R. Civ. P. 23(c)(1) (as amended 1966) (emphasis supplied). The timing language of the 1966 amendment was amended in 2003 to provide: "When a person sues or is sued as a representative of a class, the court must– *at an early practicable time*–determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A) (as amended 2003) (emphasis supplied).

As explained in the Committee Note to the 2003 amendment, a key reason for this change was that the 1966 Amendment's "as soon as practicable" language no longer reflected prevailing practice. Nor did the 1966 amendment capture the "many valid reasons" that may justify deferring a certification decision. The Committee specifically noted that where the party opposing certification seeks dismissal as to the named plaintiffs, this may justify deferral of the certification determination. *See* Fed. R. Civ. P. 23, 2003 Amendments Committee Note, Paragraph (1).

Consistent with the foregoing authority, it is appropriate to defer the class certification determination until after resolution of the pending threshold motions to dismiss. Accordingly, this Court should defer consideration of plaintiffs' certification motion until after it rules upon BellSouth's dispositive motions.

  B.  *Any class certification decision should await a ruling on BellSouth's motion for temporary stay.*

BellSouth's August 21 filing moved to temporarily stay this action so that BellSouth

would be able to supply complete and accurate information concerning the resolution of the impending refund of Kentucky sales tax to BellSouth's Internet access customers. Under BellSouth's proposed procedure, after the pending tax appeal is formally resolved and the logistics and timing surrounding the refund are agreed upon, the stay would be lifted, and BellSouth then would tender a supplemental memorandum concerning the extent to which the refund will moot plaintiffs' claims.

The reality that the upcoming tax refund will render moot the majority of plaintiffs' claims militates in favor of deferring any ruling upon plaintiffs' certification motion. It is well-settled that if a plaintiff's claim is satisfied during the pendency of a class action, the action is moot and should be dismissed. *See Board of Sch. Comm'rs of Indianpolis v. Jacobs*, 420 U.S. 128, 129 (1975) (dismissing putative class action because controversy became moot before class certification); *Brunet v. City of Columbus*, 1 F.3d 390, 399 (6th Cir. 1993) (if plaintiff's claim becomes moot before certification, dismissal is required). *See also Smith v. University of Washington Law School*, 233 F.3d 1188 (9th Cir. 2000); *Banks v. Multi-Family Management, Inc.* 554 F.2d 127 (4th Cir. 1977).

The impending tax refund will return to BellSouth's Internet access customers all of the Kentucky sales tax they have been billed since December 1998, plus interest. Clearly, the refund will have a substantial and relevant impact upon plaintiffs' claim that they have been damaged by BellSouth's conduct. Accordingly, this Court should defer ruling on the certification motion on the additional ground that class certification should await the parties' briefing on the extent to which the pending tax refund moots plaintiffs' claims.

C.   *Any class certification decision should await discovery on whether plaintiffs have satisfied KRS 139.771.*

Plaintiffs assert that BellSouth violated a statutory bar against collection of sales tax from Internet access customers. Accordingly, Plaintiffs' claims against BellSouth are grounded in the

Kentucky tax code. Under KRS 139.771, any purchaser who believes that tax has been charged in error must provide 60 days advance notice before asserting any over-collection claim against a vendor:

> (1) For all sales and use tax transactions where the purchaser believes that tax has been charged in error, a cause of action against the retailer for the over collected sales or use taxes does not accrue until the purchaser has provided notice to the retailer and the retailer has had sixty (60) days to respond. The notice to the retailer shall contain the information necessary to determine the validity of the inquiry.

KRS 139.771(1). This statute, which provides the exclusive remedy available to purchasers who believe that they were overcharged sales tax, requires each purchaser to provide the retailer notice and an opportunity to explain why it collected the disputed tax. Unless "the purchaser" provides the retailer with the required 60 days notice, that purchaser has no cause of action against the retailer.

No such notice was provided in this case. Although the Complaint alleges that the named plaintiffs notified BellSouth of their claims (*see* Complaint ¶ 20 ("More than 90 days ago, Plaintiffs notified BellSouth that the imposition of the sales tax on FastAccess was illegal, demanded a refund…and demanded that BellSouth cease this billing practice.")), they have adduced no proof that prior notice was provided, nor that it satisfied KRS 139.771. Neither BellSouth nor undersigned counsel are aware of having received pre-suit notice of plaintiffs' Internet access taxation-related claims. If the named plaintiffs failed to comply with the notice requirements of KRS 139.771, this failure would bar their claims against BellSouth. Likewise, no cause of action would accrue for *any* member of the putative class unless that claimant had also provided 60 days advance notice consistent with KRS 139.771. Even assuming that the named plaintiffs complied with KRS 139.771, other potential claimants have no cause of action unless and until they also provide 60 days notice, thus they cannot be members of the putative class until they offer proof that they complied with the notice statute. Accordingly, this Court

should defer ruling on the certification motion on the additional ground that class certification should await discovery on the threshold issue of whether all members of the putative class have complied with KRS 139.771.

II. **Plaintiffs' motion lacks any evidentiary basis.**

In addition to being premature, plaintiffs' motion should be dismissed because plaintiffs have failed to present any proof to support their bald assertion that the Rule 23 class certification prerequisites have been satisfied.

The party moving for class certification bears the burden of proof. *Golden v. City of Columbus*, 404 F.3d 950, 965 (6th Cir. 2005). Subsection (a) of Fed. R. Civ. P. 23 contains four prerequisites, all of which must be satisfied before a class can be certified: (1) that the class is too numerous for joinder of all members; (2) that there are common issues of law or fact; (3) that the claims and defenses of the class representatives are typical of the claims and defenses of the class, and (4) that the class representatives will fairly and adequately represent the interests of the class. Once those conditions of Rule 23(a) are proven, the party seeking certification must also demonstrate that the putative class falls within at least one of the subcategories of Rule 23(b). *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996). *See* Fed. R. Civ. P. 23(b)(1) (certification appropriate if prosecution of individual actions would create a risk of inconsistent adjudications); Fed. R. Civ. P. 23(b)(2) (class-wide declaratory or injunctive relief is appropriate); Fed. R. Civ. P. 23(b)(3) (common questions of law or fact predominate over individual issues and class treatment is superior to other available methods of adjudication). In this case, plaintiffs seek certification based upon Rules 23(a), 23(b)(1) and 23(b)(3).

Supreme Court and Sixth Circuit precedent requires that a "rigorous analysis" must be undertaken in order to determine whether each of the Rule 23 prerequisites has been satisfied. *See Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Stout v. J.D. Byrider*, 228 F.3d 709, 716 (6th Cir. 2000). As the leading Sixth Circuit case emphasized: "A class is not maintainable as a

class action by virtue of its designation as such in the pleadings. . . . 'Mere repetition of the language of Rule 23(a) is not sufficient.'" *In re Am. Med. Sys., Inc.*, 75 F.3d 1069, 1079 (6th Cir. 1996) *quoting Weathers v. Peters Realty Corp.*, 499 F.2d 1197, 1200 (6th Cir. 1974). In *In re Am. Med. Sys.*, the court went on to note that class determination generally will be based upon evidence beyond that provided in the pleadings. *In re Am. Med. Sys., Inc.*, 75 F.3d at 1079.

Here, plaintiffs' motion for class certification recites the language of Rule 23 and restates the allegations of plaintiffs' complaint. However, plaintiffs present no evidence in support of their motion beyond a rehash of their claims against BellSouth. Ordinarily, evidence supporting plaintiffs' certification motion would be gathered during pre-trial discovery. In the present case, plaintiffs **agreed** that a stay of discovery would be appropriate pending the Court's decision on BellSouth's threshold motion to dismiss or stay. In plaintiffs' response to BellSouth's motion for protective order staying discovery (at p.2), plaintiffs' counsel stated that "[i]n the interests of judicial economy, Plaintiffs do not oppose BellSouth's Motion for Protective Order pending the Court's decision on BellSouth's Motion to Dismiss or Stay." Without discovery (which plaintiffs have agreed should be stayed), plaintiffs cannot marshal evidence to support their contention that class treatment is appropriate in this case. Nor can plaintiffs demonstrate that they have satisfied the requirements of KRS 139.771, which requires customers to provide notice of over-collected sales tax to the seller in order for a cause of action to accrue. Accordingly, there is no means by which plaintiffs may present a properly supported certification motion unless and until the Court denies BellSouth's motions and permits discovery to proceed.

## CONCLUSION

For the foregoing reasons, plaintiffs' motion for class certification and appointment of class counsel should be denied as premature and lacking any evidentiary foundation. If the Court is inclined to consider the merits of plaintiffs' certification motion, BellSouth respectfully

requests an opportunity to conduct limited discovery relevant to the issues of class certification pursuant to Fed. R. Civ. P. 23(a) & (b) and pre-suit notice pursuant to KRS 139.771, and to submit supplemental briefing addressing these issues.

/s/ O. Scott Barber
Douglass Farnsley
Marjorie A. Farris
O. Scott Barber
STITES & HARBISON PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky 40202-3352
Telephone: (502) 587-3400

Cheryl R. Winn
BellSouth Telecommunications, Inc.
601 West Chestnut Street, Room 407
Louisville, Kentucky 40203
Telephone: (502) 582-8219

CO-COUNSEL FOR DEFENDANT BELLSOUTH TELECOMMUNICATIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of September, 2006, I electronically filed the foregoing motion and proposed order with the clerk of the court via the Western District of Kentucky's CM/ECF system, which will send a notice of electronic filing to the following: D. Randall Gibson, Esq., and Douglas F. Brent, Esq., Stoll, Keenon & Ogden, LLP, 2650 Aegon Center, 400 West Market Street, Louisville, Kentucky 40202.

/s/ O. Scott Barber
O. Scott Barber

BE107:0BE69:545643:2:LOUISVILLE