UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:04CV-735-H

MICHAEL CLARK, et al., PLAINTIFFS

V.

BELLSOUTH TELECOMMUNICATIONS, INC. DEFENDANT

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Michael Clark and others, are customers of BellSouth Telecommunications, Inc. ("BellSouth"). Plaintiffs have alleged that for years BellSouth unlawfully collected a sales tax on the retail sales charge for its FastAccess DSL internet service. Plaintiffs now seek a preliminary injunction to enjoin BellSouth from distributing any moneys to be refunded "as a result of this lawsuit."[1]

The current situation arose from the following sequence of events. After Plaintiffs filed this lawsuit, BellSouth filed a claim of refund with the Kentucky Revenue Cabinet (the "Cabinet") and subsequently appealed to the Kentucky Board of Tax Appeals. However, during the discovery phase of the Tax Board proceeding, the Revenue Department notified BellSouth that it would no longer seek collection of the tax. On October 6, 2006, BellSouth and the Revenue Cabinet entered into an Agreed Judgment tendered to the Kentucky Board of Tax Appeals. The Agreed Judgment was considered at the Board of Tax Appeals' meeting October

---

[1] In fact, it has yet to be determined that the Revenue Department's decision to refund the internet tax is related to the filing of this lawsuit.

17. The Agreed Judgment provides generally that BellSouth would credit or reimburse its customers for all taxes on DSL internet service plus interest. The Revenue Cabinet would, in turn, refund all taxes refunded by BellSouth, plus interest.

When deciding whether to issue a preliminary injunction, the Court considers the following four factors: (1) whether the movant has a "strong" likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000). These factors are to be balanced against one another and are not prerequisites to the grant of a preliminary injunction. *Id.* The Court finds that Plaintiffs can meet none of these requirements.

Plaintiffs have failed to show a strong likelihood of success on the merits. Although the Agreed Judgment demonstrates that the Kentucky Revenue Department will refund taxes collected by BellSouth since 1999, it establishes only one of the elements required to prove any of Plaintiffs' claims. It does not prove wrongful conduct on the part of BellSouth, nor does it address their defense that the Revenue Department compelled BellSouth to assess the tax. The Court simply cannot conclude at this time that Plaintiffs have a strong likelihood of success on the merits.

Plaintiffs also fail to show that they will suffer irreparable injury if BellSouth distributes moneys refunded as a result of this lawsuit without a fairness hearing. The Court fails to see how a voluntary distribution of payments by BellSouth to Plaintiffs could actually harm Plaintiffs. The payment does not foreclose Plaintiffs from seeking other state or federal

remedies.  Furthermore, given that Plaintiffs have not received a judgment or even class certification in this case, therefore a fairness hearing is neither appropriate nor required.  For these reasons, our circumstances are completely distinguished from those in *Commonwealth of Kentucky Revenue Cabinet v. St. Ledger*, 955 S.W.2d 539 (Ky. App. 1997), where the court upheld interlocutory relief prohibiting issuance of checks.

    Issuance of the preliminary injunction could impose a harm on many of the proposed class by increasing administrative expenses and delaying the receipt of the funds.  Many of these consumers may decide upon a full credit or reimbursement immediately rather than joining a class action that promises a chance of a greater recovery along with the risk of a diminished or delayed recovery.

    On balance, the preliminary injunction is not in the public interest at this time.  Moreover, for this Court to impose an injunction upon a ruling by a state Board of Tax Appeals that may effectively prevent the Board of Revenue from issuing a tax refund runs precariously close to violating the Tax Injunction Act, 28 U.S.C. § 1341 (2006), and for reasons of comity this Court refuses to risk such interference absent more compelling circumstances.

    Being otherwise sufficiently advised,

    IT IS HEREBY ORDERED that the Plaintiff's motion for a preliminary injunction is DENIED.

cc:     Counsel of Record