UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| MICHAEL CLARK, et al. | ) |
| | ) |
| PLAINTIFF | ) |
| | ) |
| v. | ) CIVIL ACTION NO.:04CV-735-H |
| | ) |
| | ) |
| BELLSOUTH TELECOMMUNICATIONS, INC. | ) |
| | ) |
| DEFENDANT | ) |

**FINDINGS OF FACT, CONCLUSIONS OF LAW**
**AND ORDER**

This matter having come before the Court at a Fairness Hearing on July 10, 2007, pursuant to Fed. R. Civ. P. 23, after proper publication of notice to the settlement classes pursuant to this Court's Order of May 17, 2007, the Court having reviewed the parties' Stipulation of Settlement Agreement and Release, and the other records and pleadings on file with the Court, and being otherwise sufficiently advised, hereby enters the following findings of fact and conclusions of law:

**FINDINGS OF FACT**

1. In 1999, BellSouth Telecommunications, Inc. ("BellSouth"), a Georgia corporation conducting business in Kentucky, began providing to Kentucky customers broadband Internet access services including digital subscriber line-based services marketed as "FastAccess" or "FastAccess Service" and other services including BellSouth Dedicated Internet Access (collectively, "FastAccess"). From the inception of FastAccess, BellSouth collected the 6% Kentucky sales tax from its customers and paid

the amounts collected, less the statutory collection allowance, to the Kentucky Department of Revenue (the "Revenue Department").[1]

2. In April 2002, BellSouth sent a letter to the Revenue Department asking whether FastAccess was a retail sale subject to Kentucky sales tax. In October 2002, the Revenue Department replied that FastAccess is not subject to Kentucky sales tax. Three months later, the Revenue Department reversed its position and instructed BellSouth to collect sales tax on the sale of FastAccess services. BellSouth continued to collect the sales tax on the sale of FastAccess services.

3. On November 24, 2004, Plaintiffs Michael Clark and Kentucky Air Tool, Inc. (hereinafter, "Plaintiffs"), on behalf of themselves and others similarly situated, filed a Complaint in Jefferson Circuit Court alleging, among other things, that BellSouth's collection of the sales tax on FastAccess was unlawful. Thereafter, BellSouth removed the lawsuit to federal court, filed an Answer to the Complaint, and filed a Third Party Complaint against the Revenue Department, which was subsequently dismissed. BellSouth also filed a Motion for a Protective Order to stay discovery in the lawsuit and a Motion to Dismiss or Stay, to which Plaintiff responded.

4. Subsequent activities in this case included the filing by BellSouth and Plaintiffs of an Agreed Motion to Refer to Magistrate Judge for Settlement Conference on May 12, 2005; a status conference and subsequent remand of the settlement

---

[1] The Revenue Department is the successor to the Kentucky Revenue Cabinet. Kentucky Governor Fletcher on July 9, 2004 signed an Executive Order authorizing the reorganization of state government and transferring the offices and departments of the former Revenue Cabinet to the Finance and Administration Cabinet under the "Department of Revenue." The Kentucky General Assembly later codified this reorganization in 2005 SB 49, 2005 Ky. Acts 85. *See* KRS 12.020(II)(7)(f). All references to the "Revenue Department" are to the Kentucky Department of Revenue and its predecessor the former Revenue Cabinet.

conference; and the filing by Plaintiffs of a Motion to Certify the Class and Appoint Class Counsel, a Motion for Preliminary Injunction and a Motion for Partial Summary Judgment, to all of which BellSouth responded.

5. The Court granted in part and denied in part BellSouth's Motion to Dismiss, granted Plaintiffs' motion for class certification, denied Plaintiffs' Motion for Preliminary Injunction, and appointed Plaintiffs' Counsel as Class Counsel. Further litigation was stayed by agreement of the parties while they pursued settlement negotiations.

6. During the pendency of the lawsuit, in January 2005, BellSouth filed with the Revenue Department a claim for refund of sales taxes it had collected from its FastAccess customers and remitted to the Revenue Department based on the claims made by Plaintiffs in the lawsuit, stating as follows:

> A putative class action suit was recently filed against BellSouth…. In their Complaint, a copy of which is attached as Exhibit A, the plaintiffs have alleged that BellSouth incorrectly collected and remitted Kentucky sales tax with respect to certain of its Internet services…. Among other things, the plaintiffs are seeking from BellSouth a refund of all Kentucky sales tax paid by customers with respect to Internet access services.
> Although Bellsouth [sic] intends to defend this suit vigorously, it is possible that the courts will disagree …. This refund claim is filed in order for BellSouth to recover from the Department any sales taxes that it may be required to refund to its customers as a result of this suit.

7. The Revenue Department denied BellSouth's claim for refund, and BellSouth filed a protest of the denial. In September 2005, the Revenue Department issued a Final Ruling denying the claim. BellSouth appealed the Final Ruling to the Kentucky Board of Tax Appeals.[2] In March 2006, the Revenue Department notified

---

[2] The Kentucky Board of Tax Appeals is an administrative review agency that is part of the Kentucky Environmental and Public Protection Cabinet. See KRS §§ 131.310 to 131.370; KRS § 12.020(II)(3)(d)(5).

3

BellSouth, who then notified Plaintiffs, that the Revenue Department had reconsidered its previous position and now conceded that FastAccess service is not, and has not been, subject to Kentucky sales tax.

8. Thereafter, Plaintiffs and BellSouth agreed in principle to the terms of a settlement and, on March 22, 2007, BellSouth and the Revenue Department, after review and approval of Plaintiffs, tendered an Agreed Judgment to the Board of Tax Appeals. On April 5, 2007, the Board of Tax Appeals entered the Agreed Judgment that provides for a refund to BellSouth of all sales tax remitted by BellSouth after collection from its customers receiving FastAccess service, minus the statutory collection fee, plus interest at the statutory rate prescribed by KRS § 131.183 and also provides that such refunds paid on the customers' behalf shall include the payment of attorneys' fees as ordered by this Court. The settling class members will receive the full amount of Kentucky sales tax billed to them plus applicable statutory interest, minus a pro rata share of the attorneys' fees and costs as ordered by this Court. The Agreed Judgment further provides that BellSouth is to begin making repayments after this lawsuit, including any appeals, is concluded.

9. On May 16, 2007, BellSouth and Plaintiffs filed with this Court their Stipulation of Settlement Agreement and Release (the "Settlement Agreement") incorporating by reference the Agreed Judgment entered by the Board of Tax Appeals and providing for class notice by publication at the Classes' expense in the Louisville *Courier-Journal,* the Lexington *Herald-Leader,* and the Paducah *Sun.* The Settlement Agreement is conditioned upon the Court's approval of Settlement Class A (residential

4

FastAccess customers) and Settlement Class B (commercial FastAccess customers) as non-opt out classes that are subject to the provisions of Fed. R. Civ. P. 23(b)(1)(A).

10. By Affidavit of Donna Kellogg, Senior Tax Manager of BellSouth, BellSouth states that the total number of Settlement Class A members is 153,718; that the total number of Settlement Class B members is 23,279; and that the total amount that was billed by BellSouth as Kentucky sales tax on FastAccess to Settlement Class Members is $6,744,911.98. The total amount to be repaid to the members of the Settlement Classes, including statutory interest, is approximately $8,201,153.43. The interest will continue to accrue until the repayments are made. Each Settlement Class Member will receive the total amount actually billed as sales tax on FastAccess, plus statutory interest computed through the month in which the repayment is made, minus a pro rata share of the attorneys' fees and costs awarded by this Court. There are currently 86,926 members of the Settlement Classes who either are current BellSouth customers or have outstanding bill balances and who will receive the repayment as a bill credit and 90,071 Settlement Class Members who are former customers of BellSouth who will receive the repayment in the form of a check mailed to their last known address or the updated address furnished on an Updated Address Form.

11. The Updated Address Form, along with the parties' Settlement Agreement, Plaintiffs' Motion for Attorneys' Fees, and other relevant information, has been made available by Plaintiffs' Counsel at www.kybbtaxsettlement.com.

12. On May 17, 2007, this Court entered an Order setting a Fairness Hearing for July 10, 2007; approving the form, content, and plan of publication of the Notice and Updated Address Form attached to the parties' Settlement Agreement pursuant to Fed. R.

Civ. P. 23(c)(2)(A); granting preliminary approval of the parties' Settlement Agreement; approving the definition of the Settlement Classes as non-opt out settlement classes pursuant to Fed. R Civ. P. 23(b)(1)(A) and, upon approval of the Settlement Agreement, for the additional purpose of an award of attorneys' fees.

13. On July 10, 2007, the Court heard evidence concerning the Settlement Agreement, the method of proposed repayment to the Settlement Classes, and Plaintiffs' Motion for Attorneys' Fees.

14. Plaintiffs requested an attorneys' fee award of 33% of the total fund as provided in their agreement with Counsel prior to the institution of this litigation. Appearing as witnesses in support of Plaintiffs' Motion were D. Randall Gibson, lead counsel for Plaintiffs, who recounted the history of this vigorously litigated case, and Gregory A. Belzley, an experienced class action attorney who offered expert testimony as to the reasonableness of Plaintiffs' request for attorneys' fees of 33 % of the common fund.

15. No objections were made by any Class Member to the terms of the Settlement Agreement or to Plaintiffs' Motion for Attorneys' Fees.

## CONCLUSIONS OF LAW

1. Pursuant to Fed. R. Civ. P. 23(e), the Settlement Agreement, attached hereto and incorporated herein, is fair, reasonable, and adequate, and is hereby approved. *See Whitford v. First Nationwide Bank*, 147 F.R.D. 135 (W.D. Ky. 1992); *New England Health Care Employees Pension Fund v. Fruit of the Loom, Inc.*, 234 F.R.D. 627 (W.D. Ky. 2006). The Settlement ensures that Settlement Class Members will be repaid the

money they were billed as sales tax on FastAccess services, plus applicable statutory interest, minus their pro rata share of attorneys' fees and costs as ordered by this Court.

2. The facts and law pertaining to the settlement and to the repayments to be made to all Settlement Class Members do not justify varying adjudications or different standards of conduct. Consequently, the Settlement Classes are hereby finally certified as non-opt out classes pursuant to Fed. R. Civ. P. 23(b)(1)(A) for purposes of settlement and for purposes of an award of attorneys' fees and reimbursement of costs. The notice provided was appropriate to ensure that each Settlement Class Member will have a reasonable opportunity to receive a full repayment, and the Internet site provided by Plaintiffs' Counsel is sufficiently adequate to inform interested persons of the terms of the settlement and the procedures available to Settlement Class Members.

3. This matter is dismissed in its entirety with prejudice as settled in accordance with the parties' Settlement Agreement and the findings and conclusions contained herein. The Court will enter a separate Order, together with related Findings of Fact and Conclusions of Law, awarding attorneys' fees to Class Counsel.

**IT IS SO ORDERED.**

Dated: _____    _____
Chief Judge, United States District Court for the Western District of Kentucky

Tendered by:

/s/ John W. Bilby
D. Randall Gibson
John W. Bilby
Douglas F. Brent
Deborah T. Eversole
STOLL KEENON OGDEN PLLC
2000 PNC Plaza
500 West Jefferson Street
Louisville, Kentucky 40202
Telephone: (502) 333-6000

COUNSEL FOR PLAINTIFFS


/s/ Douglass Farnsley
Douglass Farnsley
Marjorie A. Farris
O. Scott Barber
STITES & HARBISON PLLC
400 West Market St., Suite 1800
Louisville, Kentucky 40202
Telephone: (502) 587-3400
Facsimile: (502) 587-6391

Mary K. Keyer
Cheryl R. Winn
BELLSOUTH TELECOMMUNICATIONS, INC.
601 West Chestnut Street, Room 407
Louisville, Kentucky 40203
Telephone: (502) 582-8219

COUNSEL FOR DEFENDANT

LOU 106364/119456/484331.2